# RUBIN, FIORELLA & FRIEDMAN LLP
ATTORNEYS AT LAW
292 MADISON AVENUE
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 953-2381
FACSIMILE: (212) 953-2462

WRITER'S DIRECT DIAL:   **(212) 447-4627**
E-MAIL:   PCorbett@rubinfiorella.com

May 22, 2008

Hon. Miriam Goldman Cedarbaum
United States District Court
Southern District of New York
500 Pearl St., Room 1330
New York, NY 10007-1312

      Re:    *Panta Systems Inc. V. CEVA logistics, f/k/a Eagle Global Logistics*
              Docket No: 08 Civ. 1014 (MGC)

      We represent the plaintiff in the captioned action. Counsel for the parties appeared before you on April 22. At that time we were directed to report the status of the matter to you by joint letter today. Counsel for the defendant has reviewed and approved the content of this letter.

      In this matter, plaintiff seeks to recover $72,000 in damages it alleges it sustained on account of physical damage to computer equipment during transportation by the defendant. The defendant asserts that its liability, if any, is limited by the terms of its air waybill.

      The plaintiff has asserted that the cargo is very sensitive computer cabinets, packed securely in a substantial wooden case. CEVA picked up cargo without exception. Upon uncrating after delivery, damage was noted. CEVA did not survey the cargo, although invited. The surveyor engaged by the plaintiff's interests states the cabinet was "badly" damaged in transit, as a result of "very rough and improper handling, probably dropping and falling over." Plaintiff argues that grossly negligent carriage by CEVA damaged the cargo, which vitiates the limitation. Plaintiff does not have the reverse of the original air waybill and is not prepared at this time to admit the genuineness of the specimen supplied by counsel for the defendant. Accordingly, plaintiff will not consent to transfer of the case to Texas, or admit applicability of the terms of the specimen. Plaintiff has indicated its amenability to a compromise settlement.

      It is the defendant's position that the goods were not new, but were being returned by an end-user to Panta during the transportation in question. Accordingly, there are questions concerning the age condition and pre-shipment handling and packing that bear on the question of whether CEVA is liable at all. In this regard, CEVA notes that plaintiff had disposed of the packing material before its surveyor could sight it, throwing into question the value and validity of the opinion upon which plaintiff relies to demonstrate liability, much less gross negligence.

Furthermore, when plaintiff received the cargo from CEVA, it executed a receipt for same without noting any exceptions to the condition of the goods or their packaging. Finally, the conditions of the contract of carriage provide for a limitation of CEVA's liability to $50.00 per shipment.

Counsel have corresponded and conferred several times since the initial conference in aid of reaching a compromise. Yesterday, we were in a position concerning the minimum sum that we believe would be acceptable to our client. Defendant's counsel reported extensively on this discussion to his clients in writing, but unfortunately the persons who are the decision-makers were not available in time to reach a conclusion prior to submitting this letter.

In light of the circumstances, counsel jointly request that you permit an additional two weeks, to and including Friday, June 6, to reach a final determination of whether settlement can be reached on the terms discussed by counsel. If not, we would propose to submit to you a joint pre-trial scheduling order on or before Wednesday, June 11.

Counsel thank the Court for its consideration.

Respectfully submitted,

Patrick J. Corbett

PJC/cz

cc: Charles E. Schmidt
Kennedy, Lillis, Schmidt & English
75 Maiden lane, Suite 402
New York, NY 10038-4816
(VIA E-MAIL)

RUBIN, FIORELLA & FRIEDMAN LLP